# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-19-00843-CR

**Brandon Michael Acosta, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 274TH DISTRICT COURT OF HAYS COUNTY
### NO. CR-18-1363-C, THE HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Brandon Michael Acosta has filed a notice of appeal from a judgment of conviction for unauthorized use of a motor vehicle. *See* Tex. Penal Code § 31.07. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when a notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court or within ninety days after sentencing, if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a)(1)-(2).

In this case, the trial court imposed sentence on September 26, 2019. Although Acosta filed a motion for new trial on November 19, 2019, the motion for new trial was untimely and did not extend his deadline for filing his notice of appeal. *See* R. 21.4(a) (motion for new trial must be filed no later than thirty days after date trial court imposes or suspends sentence in

open court).  Consequently, Acosta's deadline to file his notice of appeal was October 26, 2019, and Acosta filed his notice of appeal on November 19, 2019.

Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than dismissing it for want of jurisdiction.  *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  Accordingly, we dismiss the appeal for want of jurisdiction.[1]

---

Chari L. Kelly, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:  February 6, 2020

Do Not Publish

---

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* Tex. Code Crim. Proc. art. 11.07.